Supreme Court

In the Matter of Susan J. Turner.                    No. 2013-117-M.P.


O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure.  The respondent, Susan J. Turner, is a member of the bar of this state.  She was also admitted to the practice of law in the Commonwealth of Massachusetts.

On December 31, 2012, the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order suspending the respondent from the practice of law in the Commonwealth for an indefinite period, commencing immediately upon the entry of that order.  Rule 4:01, Section 18(b)(2) of the Rules of the Supreme Judicial Court of the Commonwealth of Massachusetts provides:

> "Except as the court by order may direct, a lawyer who has been suspended for an indefinite period may not petition for reinstatement until the expiration of at least three months prior to five years from the effective date of the order of suspension."

Disciplinary Counsel filed his petition seeking the imposition of reciprocal discipline on January 31, 2013.  On February 14, 2013, we entered an order directing the respondent to inform this Court within thirty days of any claim she may have that the imposition of reciprocal discipline would be unwarranted.  The respondent did not submit any such claim to this Court; she advised Disciplinary Counsel that she had no objection to the imposition of reciprocal discipline, and she stated to Disciplinary Counsel that she

understood that, if the Court imposed identical discipline she would not be able to apply for reinstatement for fifty-seven months from the effective date of such an order.

The factual basis for the discipline imposed by the Commonwealth is as follows: In 2006 the respondent was hired on a contingent-fee basis to represent a client injured in a motor-vehicle accident. She pursued a claim on his behalf against (1) the tortfeasor and (2) the client's own insurance company for any claim he may have under his policy for uninsured/underinsured benefits.

In 2008 a settlement was reached with the tortfeasor for payment of his policy limits of $100,000. The respondent received the settlement funds and deposited them into her client account. After payment of the client's bills, fees, and costs, he was entitled to receive $53,178.01. However, the respondent falsely informed her client that he could not receive the funds until resolution of the claim for underinsurance benefits.

In 2008 and 2009 the respondent made partial disbursements to the client totaling $16,000. However, she also converted approximately $25,000 of his funds to her own use. In 2010 the underinsurance claim was resolved with a settlement in the amount of $54,447.31, which the respondent deposited into her client account. At that time the client was entitled to receive from the respondent $37,178.01, his portion of the two settlements after reductions for bills, fees and expenses. However, as a result of the respondent's prior conversion of funds, she was unable to provide the client all the funds he was entitled to receive. Therefore, she falsely advised the client that she needed to retain $10,000 to reimburse his employer for any disability insurance payments he had received.

The client made repeated requests to receive the $10,000 which the respondent had withheld, to no avail. In April 2010, the client was injured in another motor-vehicle accident. He contacted the respondent and advised her that he would hire her to represent him in pursuing a claim for damages arising from that incident, but only if she would pay him the remaining $10,000 he was due from the first claim. At that time the respondent paid the client $10,000 from personal funds.

In a second matter the respondent represented the wife in a divorce action. In 2009 the parties to the divorce agreed to refinance the mortgage on the marital home, receive a cash payout from the proceeds, and divide the funds. The refinancing resulted in a cash payout totaling $38,330.22. Those funds were received by the respondent and deposited into her client account. The parties reached an agreement on the disbursement of $28,330.22 of the funds, with the remaining $10,000 to be held by the respondent until resolution of a disputed issue. The respondent subsequently converted those funds to her own use.

In 2010 the parties reached a resolution regarding the disputed funds, agreeing that the husband would receive the $10,000. The respondent paid that amount to the husband from personal funds which had been deposited into her business account.

In a third matter, the respondent was retained to represent a client in a divorce action to be filed in Massachusetts. She received a $2,000 retainer. She provided incompetent representation by preparing an inadequate divorce complaint and failing to include necessary documents, resulting in the court rejecting the complaint. The client terminated the respondent's services and requested an itemized bill, the return of her file, and the return of the unearned portion of her retainer. The respondent did not comply

3

with those requests until after the client filed a disciplinary complaint with the Massachusetts Board of Bar Overseers.

On November 27, 2012 the respondent executed a stipulation with the Commonwealth of Massachusetts, Board of Bar Overseers admitting the above-noted facts and agreeing to the imposition of an indefinite suspension from the practice of law in the Commonwealth. After review of the facts and the disposition, and hearing no response from the respondent to our order of February 14, 2013, we deem that an order of reciprocal discipline is appropriate.

Accordingly, it is hereby ordered, adjudged and decreed that the respondent, Susan J. Turner, is suspended from the practice of law in this state for fifty-seven months, effective immediately.

Entered as an Order of this Court this 29th Day of April, 2013.

By Order,


_____/s/_____
Clerk


**TITLE OF CASE:**      In the Matter of Susan J. Turner.

**CASE NO:**      No. 2013-117-M.P.

**COURT:**      Supreme Court

**DATE ORDER FILED:**      April 29, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**JUDGE FROM LOWER COURT**:

      N/A – Court Order

**ATTORNEYS ON APPEAL:**

      For Petitioner:    David Curtin, Esq.
                         Chief Disciplinary Counsel

      For Respondent:   Susan J. Turner, Pro Se